# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERMAINE BERNARD BLACKWELL | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-19-2307 |
| FRANK BISHOP, JR. and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Pending is self-represented Petitioner Jermaine Bernard Blackwell's Petition for a Writ of Habeas Corpus. (ECF No. 1). Respondents have filed a Limited Answer (ECF No. 7) to which Blackwell filed a Reply. (ECF No. 8). The matter is ready for resolution, and no hearing is necessary. Local Rule 105.6. For reasons set forth below, the Petition will be construed as a Motion for Reconsideration of the dismissal of Blackwell's petition in *Blackwell v. Bishop, et al.*, Civil Action No. RDB-14-1538 (D. Md. 2014) and GRANTED. The instant petition is otherwise DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On September 9, 2014, in Civil Action RDB-14-1538, this Court denied and dismissed as time-barred Blackwell's Petition for a Writ of Habeas Corpus filed pursuant 28 U.S.C. § 2254., In that case Blackwell challenged his convictions entered by the Circuit Court for Baltimore City for felony murder and lesser offenses.[1] Applying then district law, this Court determined Blackwell's motion for reconsideration of sentence under Maryland Rule 4-345(e), did not toll the limitation

---

[1] Blackwell was provided an opportunity to explain why his Petition was subject to statutory or equitable tolling, but did not do so. Blackwell is serving a prison sentence of life plus 135 years.

period under 28 U.S.C. §2244(d)(2)(statutorily tolling the limitation period for "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

Five years later, on April 17, 2019, the United States Court of Appeals for the Fourth Circuit *Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019), held that a state motion for reconsideration of sentence tolls the time for filing a federal habeas petition. *Mitchell*, 922 F.3d at 195–98. In response to *Mitchell*, on August 12, 2019, Blackwell filed this §2254 petition, explaining that he was "resubmitting" his petition for "review" in accordance with *Mitchell*. [ECF No. 1-1].[2]

## DISCUSSION

Respondents argue the instant Petition should be dismissed for lack of subject matter jurisdiction because it is successive and Blackwell has not obtained appellate prefiling authorization. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Blackwell submitted this filing on a pre-printed §2254 form, and it was docketed accordingly. (ECF No. 1). Review of the filing, however, makes clear that is properly construed as a motion for relief of judgment. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (stating that a court may recharacterize a motion filed by a self-represented litigant to create better correspondence between the subject matter of the motion and its underlying legal basis). Respondents also appear to recognize Blackwell's intent, arguing in the alternative that if the Petition is construed as a Motion for Relief from final judgment under Federal Rule of Civil Procedure 60, it should be denied.

---

[2] The claims of ineffective assistance of counsel Blackwell raises here are similar to those raised in his 2014 federal habeas petition. *See* ECF No. 1 at 6-7; *Blackwell*, Civil Action No. RDB-14-1538, ECF No. 1 at 5-7.

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that a motion for relief from a final judgment, must be filed within a reasonable time, and must establish extraordinary circumstances. *Moses v. Joyner,* 815 F.3d 163, 168 (4th Cir. 2016). Citing *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005), the Fourth Circuit has noted that in habeas matters changes in procedural law rarely justify reopening long closed cases. *Moses,* 815 F.3d at 168.

Very recently, a Rule 60(b) Motion for reconsideration was granted in *Savoy v. Bishop,* DKC-13-751 (D. Md. 2014), a long-closed case that was dismissed as untimely based on the court's determination that Petitioner's motion for reconsideration of sentence under Maryland Rule 4-345(e) did not toll the limitations period. In granting reconsideration, the Honorable Deborah K. Chasanow stated:

> Here, unlike in *Gonzalez* and *Moses*, the decision in *Mitchell v. Green* overturned an unbroken line of cases in this district that, until the attorney representing Mr. Mitchell thoroughly briefed the issue, appeared beyond question. The Fourth Circuit had considered two cases that appeared to raise the issue, but resolved them without reaching the point. Petitioner cannot be faulted for not seeking a certificate of appealability under the circumstances. As soon as the Fourth Circuit decided *Mitchell v. Green,* he sought relief from the judgment. Respondent concedes that he acted in a timely fashion.

*Savoy v. Bishop,* DKC-13-751, ECF No. 40 at 3.

In Blackwell's case, Respondents acknowledge that Blackwell filed this "motion within a little less than four months of Mitchell's issuance... and do not argue here the motion was unreasonably late." (ECF No. 7, note 2). Accordingly, this Court concludes that reconsideration of the decision dismissing Blackwell's petition as untimely is warranted.

## CONCLUSION

This Court finds Blackwell's Petition is more appropriately considered as a Rule 60(b)(6) motion for reconsideration of judgment in Civil Action No. RDB-14-1538 and SHALL GRANT

3

the motion. Respondents shall file a supplemental answer addressing the claims in the Petition within forty days. Blackwell may file a Reply to the Supplemental Answer twenty-eight days thereafter. To the extent Blackwell improvidently initiated this action as a new §2254 proceeding, it shall be dismissed without prejudice. A certificate of appealability shall not issue. 28 U.S.C. §2253(c)(2) (when a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."). A separate Order follows.

December 9 2019,

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE